# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAW OFFICES OF BRUCE J. CHASAN, LLC, a Pennsylvania limited liability company; and BRUCE J. CHASAN, individually;<br><br>Plaintiff,<br><br>v.<br><br>PIERCE BAINBRIDGE BECK PRICE & HECHT, LLP, a California limited liability partnership; JOHN M. PIERCE, individually; JAMES BAINBRIDGE, individually; CAROLYNN BECK, individually; MAXIM PRICE, individually; DAVID L. HECHT, individually; and PRAVATI CAPITAL, LLC, a Delaware limited liability company;<br><br>Defendants. | CIVIL ACTION<br><br>No. 2:20-cv-1338-AB |

**PRAVATI CAPITAL, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SURREPLY MEMORANDUM OF LAW IN OPPOSITION TO THE PRAVATI CAPITAL LLC MOTION <u>TO DISMISS THE AMENDED COMPLAINT</u>**

Defendant, Pravati Capital, LLC ("Pravati"), submits the following Memorandum of Law in opposition to Plaintiffs Law Offices of Bruce J. Chasan, LLC, and Bruce J. Chasan's *Motion for Leave to File a Surreply Memorandum of Law in Opposition to the Pravati Capital LLC Motion to Dismiss the Amended Complaint* (the "Motion").

As a threshold matter, Plaintiffs' Motion is untimely and should be disregarded. It was filed on July 27, 2020 – 18 days after the date on which Pravati filed its Reply brief: July 9, 2020 (ECF No. 40). This Court's Policies and Procedures dictate that the deadline for a surreply brief is 10 days following the filing of the opposing party's brief, meaning Plaintiffs' Motion for Leave was due on July 20, 2020. Plaintiffs are thus in violation of the Court's Policies and Procedures. This violation is part of an ongoing pattern of flagrant disregard of the rules and law by Plaintiffs.

1

(*See, e.g.*, Pravati's Motion for Sanctions, ECF No. 44 (addressing Plaintiffs' violation of Fed. R. Civ. P. 11)).

Nor is there good cause for Plaintiffs to file a surreply, which this Court discourages and requires specific leave to file. (Policies & Procedures, General Motions Practice, § 4). Pravati first raised *res judicata* in its Motion to Dismiss Plaintiffs' Amended Complaint ("Motion to Dismiss") (ECF No. 25, pg. 2) – not in its Reply. It was in Pravati's Motion to Dismiss that Pravati expressly referenced and adopted Co-Defendant Pierce Bainbridge Beck Price & Hecht, LLP's ("PBBPH") "argument on the grounds of res judicate as set forth in [PBBPH's] memorandum of law" filed in support of their own motion under Fed. R. Civ. P. 12(b)(6). This point, over which Plaintiffs simply gloss, is dispositive to the issue of whether Pravati could further address *res judicata* in its Reply brief: Pravati opened the door for *res judicata* in its Motion to Dismiss and therefore could certainly further address *res judicata* in its Reply.

Joinder by reference is not improper. It is expressly authorized by Fed. R. Civ. P. 10(c), which provides that "[a] statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion." (Emphasis supplied.) *Accord Macklin v. Butler*, 553 F.2d 525, 528 (7th Cir. 1977) (motion to dismiss constitutes a "pleading" within the meaning of Fed. R. Civ. P. 10(c)). Plaintiffs themselves joined other arguments by reference in their Response, asserting "all the reasons put forth in Chasan Parties' Response to the PBBPH Law Motion to Dismiss the Amended Complaint." (*Id.*). That is, Plaintiffs incorporated a different response brief that itself amounts to a jaw-dropping 56 pages, without leave to exceed the Court's 35-page limit in a frivolous case already described *ad naseum* in Plaintiffs' 313-paragraph, 85-page Amended Complaint – itself a refiling of a prior failed case. Plaintiffs do not need more pages. Plaintiffs need to be admonished and sanctioned. (*See, e.g.*, Pravati's Motion for Sanctions,

ECF No. 44 (addressing Plaintiffs' violation of Fed. R. Civ. P. 11)).

Even aside from the dispositive fact that Pravati incorporated previous *res judicata* briefing in its Motion to Dismiss, Pravati was merely addressing arguments raised by Plaintiffs in their Response. Plaintiffs included an entire section in their Response dedicated to *res judicata*. (ECF No. 34, § II). In that section, Plaintiffs raise several substantive arguments as to why *res judicata* allegedly does not apply. Despite Plaintiffs' argument in their Motion for Leave that "Pravati developed its *res judicata* contentions" in its Reply, it is not at all uncommon or improper for a litigant to further develop an argument in a Reply brief when an opponent addresses it in their Response. Pravati's Reply was well within the scope of Plaintiffs' Response.

Nor does Plaintiffs' [Proposed] Surreply, which has essentially already been filed without leave, present new issues that had not heretofore been briefed or that would bring Plaintiffs' case out from under the ambit of Rule 11. For example, in both Paragraphs 3 and 4 of their Motion for Leave, Plaintiffs assert that Pravati "continue[s]" to make certain arguments, suggesting that those arguments have been raised and briefed elsewhere. Plaintiffs then implicitly concede that they have already had an opportunity to respond to the "continue[d]" arguments in Pravati's Reply, stating as to both Paragraphs 3 and 4: "Plaintiffs wish to comment further of [sic] those contentions." (Emphasis supplied.) Plaintiffs have briefed these issues many, many times in this case.

When Plaintiffs filed this case, they intended it to harass Pravati. They intended to target a party they likely see as "deep pockets" in an attempt to salvage what turned out to be a colossal waste of his billable time. It is high tide for Plaintiffs to account for their conduct, which is, frankly, unbecoming of the legal profession. Because Pravati refused to be extorted and opted instead to defend itself in this case, Pravati incurred thousands of dollars in fees and costs and

suffered from unwanted media attention. Plaintiffs must be held to pay for wasting judicial resources and attempting to extract a settlement from Pravati by filing a frivolous case. At a minimum, the Court should put an end to the continued suffering and damage by denying Respondents any further page allotment to brief issues that have already been briefed *ad nauseum*. The Court should deny Plaintiffs' Motion for Leave.

                **COHEN SEGLIAS PALLAS**
                **GREENHALL & FURMAN, PC**

Date: August 10, 2020    By: _____
                Edward D. Altabet, Esq. (318281)
                Carl L. Engel, Esq. (316062)
                30 South 17th Street, Floor 19
                Philadelphia, PA 19130
                Tel.: (215) 564-1700
                ealtabet@cohenseglias.com
                cengel@cohenseglias.com
                *Attorneys for Pravati Capital, LLC*

ELECTRONICALLY filed this 10th day of August, 2020 with:

ECF COPY sent via mail and email this 10th day of August, 2020 to:

Eitan D. Blanc
2005 Market Street, 16th Floor
Philadelphia, PA 19103
edblanc@zarwin.com

Law Offices of Bruce J. Chasan, LLC
Attn: Bruce J. Chasan, Esq.
1500 JFK Boulevard, Suite 312
Philadelphia, PA 19102
bjchasan@brucechasanlaw.com

Haines & Associates, P.C.
Attn: Clifford E. Haines, Esq.
The Widener Building – 5th Floor
1339 Chestnut Street
Philadelphia, PA 19107-3520
chaines@haines-law.com

By: _____
      Carl L. Engel

5