IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Law Offices of Bruce J. Chasan, LLC<br>Bruce J. Chasan, Esq.<br><br>    Plaintiffs<br><br>vs.<br><br>Pierce Bainbridge Beck Price &<br>    Hecht, LLP<br>John M. Pierce, Esq.<br>James Bainbridge, Esq.<br>Carolynn Beck, Esq.<br>Maxim Price, Esq.<br>David L. Hecht, Esq.<br>Pravati Capital LLC<br><br>    Defendants | Civ. No. 2:20-cv-1338-AB<br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

**MEMORANDUM OF LAW OF CLIFFORD E. HAINES, BRUCE J. CHASAN AND
LAW OFFICES OF BRUCE J. CHASAN, LLC IN OPPOSITION TO
THE PRAVATI CAPITAL LLC RULE 11 MOTION FOR SANCTIONS (ECF 44)**

On August 5, 2020, Defendant Pravati Capital LLC ("Pravati") filed a motion for sanctions under Rule 11 (ECF 44) directed at Plaintiffs' Counsel, Clifford E. Haines, Esq., ("Haines") and Plaintiffs Law Offices of Bruce J. Chasan, LLC ("BJC Law") and Bruce J. Chasan, Esq. ("Chasan") (who is also co-counsel for Plaintiffs). Haines, BJC Law and Chasan will be collectively referred to as "Respondents."

The Motion should be dismissed as premature and without adequate factual support.

Simply put, Pravati is a litigation funder which provides financial support for lawyers and law firms in connection with lawsuits they file. Pravati, in well publicized fashion, identified itself as the financial backer for high profile lawsuits then handled by Pierce Bainbridge.

1

Since its heyday, Pierce Bainbridge has fallen on hard times. It may well be that Pravati is no longer, or would prefer not to, be affiliated with Pierce Bainbridge. However, it is without question that Pravati at one time traded on its relationship with Pierce Bainbridge.

Pravati presumptuously assumes here it will win its motion to dismiss the Amended Complaint. If that happens, Pravati believes that proves the Amended Complaint is *ipso facto* frivolous and without legal basis. But at the time of filing this Response, it is unknown how the Court will rule on the Motion to Dismiss. It is also unknown why the Court will rule one way or the other. Assuming the motion to dismiss is denied, the premises of Pravati's Rule 11 motion would be undermined, and the Rule 11 motion would be properly denied and dismissed. If however, the motion to dismiss is granted, a rigorous analysis of the criteria of Rule 11(b)(1), (2) and (3) would be required to determine whether there is any basis for sanctions. It is well-settled that dismissal of a complaint alone is not enough to support imposition of Rule 11 sanctions. *Gaiardo v. Ethyl Corporation*, 835 F.2d 479, 483-484 (3d Cir. 1987) ("Litigants misuse the Rule when sanctions are sought against a party or counsel whose only sin was being on the unsuccessful side of a ruling or judgment. Restated, Rule 11 sanctions awarding counsel fees do not automatically or usually follow an adverse judgment or ruling."); *In re Vencor, Inc.*, 284 B.R. 79, 87-88 (Bankr. Del. 2002) (although "Movants' position was ultimately unavailing, they did seek to support it with legal arguments that were not facially frivolous;" request for sanctions under analogous Bankruptcy Rule 9011 were denied); *In re Srinivasan*, No. 10-5661, 2011 WL 3040218 at *4 (D.N.J. July 25, 2011) (affirming bankruptcy court order denying sanctions under Bankr. Rule 9011 because movants did not show any objectively unreasonable conduct).

Before Respondents address Pravati's arguments, it is appropriate to note that during the telephonic Rule 16 Conference on July 1, 2020, the Court asked Pravati's counsel (Mr. Engel) whether it was advisable to wait until the Third Circuit Court of Appeals decides Lenwood Hamilton's appeal before the Court decides the Defendants' motions to dismiss this case, and Mr. Engel answered "Yes". That response conceded it cannot now be known whether Hamilton may eventually get a recovery in his case, and thus, the major premise of the Rule 11 motion, as articulated by Pravati, (*i.e.*, that Hamilton did not recover, so no contingent fee has been earned) is far from settled.

Also, in n.1 of Pravati's brief (ECF 44-1), Pravati asserts "Chasan already has succeeded in using this lawsuit to bring undeserved negative publicity to Pravati in connection therewith. *See, e.g. Funder Wants Out of Pierce Bainbridge Representation Case*, Emma Cueto, Law360, May 29, 2020, a copy of which is attached as Exhibit A." This assertion is nonsense. Chasan does not seek publicity, and normally does not respond when contacted by reporters. The Hamilton "right of publicity" case was deemed newsworthy on the day it was filed, as Law360 perused the dockets and published a description of the Hamilton Complaint that very day. *See Ex-Athlete Slaps Microsoft With IP Suit Over "Gears of War,"* Suevon Lee, Law360, Jan. 11, 2017 (Exh. 1 hereto). Since then, the *Hamilton* case and its sequelae have continued to be matters of public interest and news reporting, especially in view of notorious problems besetting the Pierce Bainbridge law firm which have a trickledown effect on Pravati.

Further, Pravati should not be heard to complain, as it has allowed and luxuriated in publicity of its non-traditional funding agreement with Pierce Bainbridge. *See Ex-Big Law Partner's Boutique Has Both a New Name, Office*, Meghan Tribe, The American Lawyer, March 26, 2018 (Exh. H to Amended Complaint, ECF 23-8), wherein Pravati is described as the

3

litigation funder for John Pierce's new law firm, and "perhaps the first public example of a litigation funder investing in a firm's current and future contingency fee cases..." Pierce was quoted in the article, stating they were "being very aggressive in taking big contingency cases using litigation funding in a pioneering way..." The article continued: "With Pierce Bainbridge's new approach to litigation funding, the firm can take on a number of cases that are a little more risky than traditional litigation would be able to handle, [Maxim] Price said."

Since the funding agreement between Pravati and PBBPH Law (*see* Amended Complaint, Exh. G), provided for a 50-50 split between Pravati and PBBPH Law of the recoveries of proceeds from risky big contingency cases, Pravati, as a joint venture with PBBPH Law, signed on to all the publicity PBBPH Law could generate, and that was surely part of the business plan.

**ARGUMENT**

**I.  THE AMENDED COMPLAINT AMPLY ALLEGES AND SUPPORTS THAT PRAVATI RECEIVED A BENEFIT FROM THE LABORS OF CHASAN AND BJC LAW.**

The gravamen of Pravati's argument is that because Hamilton's case was dismissed on summary judgment, and no recovery has occurred in Hamilton's case, there is no contingency fee, and Pravati therefore could not have been enriched.[1] Ergo, there cannot be any claim for unjust enrichment. This argument sidesteps most of the allegations in the Amended Complaint, which have been thoroughly explained in Plaintiffs' memoranda of law opposing the

---

[1] In its "Introduction," Pravati asserts Plaintiffs seek their share of a contingency fee. ECF 44-1 at 1. That does not accurately describe the range of possible outcomes requested in the *ad damnum* of Count III of the Amended Complaint. Plaintiffs seek quantum meruit, or a lodestar, or other possible outcomes. In fact, Plaintiffs specifically used the figure $319,240.78, comprising the lodestar of billable hours times billing rate. This is precisely the measure of quantum meruit for a predecessor counsel. *Mager v. Bultena*, 797 A.2d 948, 958 (Pa. Super. 2002). The appropriate measure of damages is to be determined. Pravati cannot re-define Plaintiffs' claims to suit its purposes.

4

Defendants' motions to dismiss. *See* ECF 33, ECF 34, ECF 41-1 and ECF 42-1. Respondents incorporate those briefs herein which (hopefully) will reduce the need for detailed repetition.

Pravati's argument is based on a self-serving, truncated selection of facts in the Amended Complaint. Pravati omits the allegations that it funded PBBPH Law and Hamilton's case with hefty advances in 2018 and early 2019 but decided to bail out on PBBPH Law soon after Epic Games and Microsoft filed a summary judgment motion in Hamilton's case. *See* Amended Complaint, ¶¶ 265-272 and Exhs. P and Q (ECF 23-14 and 23-15, respectively). Rather than await the outcome of the summary judgment motion, Pravati elected to forego its 50-50 deal with PBBPH Law (*see* Funding Agreement, Exh. G (ECF 23-7) and take a reduced (but still very hefty) return on its investment. As such, Pravati relied on and profited from Chasan's work product. There was a benefit, and Pravati retained it.

In Pravati's motion to dismiss the Amended Complaint, Pravati also argued there was no benefit because Hamilton's case was dismissed on summary judgment, so there was no recovery. See ECF 25-1 at 3, 8-10.[2] Pravati asserted that Plaintiffs' allegations that it benefitted when PBPPH Law paid off the Pravati liens was a mere conclusion of law that should be disregarded. *Id.* at 7. However, in its Reply Brief, Pravati changed its argument to say that alternatively, even if there was a benefit, the retention of the benefit was not unjust. ECF 40 at 6-8. This was a significant concession and change in position, apparently conceding that a jurist could find that Plaintiffs conferred a benefit on Pravati, but nonetheless, any retention of the benefit was not unjust. Plaintiffs answered this alternative argument in their proposed surreply

---

[2] Indeed, it is odd that Pravati relies on the fact that summary judgment was entered against Hamilton, when Pravati recovered its investment *before* the summary judgment was entered. From Plaintiffs' point of view, Pravati is not entitled to rely on the later entry of summary judgment against Hamilton when it had already cashed out, and its cash out was due in part to Chasan's work product.

brief, arguing that the authorities cited by Pravati that the retention of the benefit was not unjust were inapplicable. *See* ECF 42-1 at 5-7.[3]

The effect of Pravati's concession was that it undermined its argument that under Rule 11(b)(2), the claims, defenses and other legal contentions are not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law. The parties can have a factual argument, based on the evidence, whether retention of the benefit was unjust. But that is for a jury to decide.

Notably, after receipt of Mr. Engle's July 6, 2020 21-day notice letter, Chasan sent Mr. Engel two letters. The first, dated July 9, 2020 (Exh. 2) hereto, invited Pravati to agree to accelerated discovery, so that Plaintiffs could more completely evaluate the evidence and the defenses.[4] Pravati did not respond. A second letter was sent on July 30, 2020 (Exh. 3) (partially redacted to omit unrelated material) to point out the concession Pravati had made in its reply brief (ECF 40) regarding retention of a benefit. However, Pravati nonetheless proceeded with its Rule 11 motion.

## II. THE AMENDED COMPLAINT IS A *BONA FIDE* ENDEAVOR TO EXTEND EXISTING LAW OR MAKE NEW LAW.

Pravati points out that Plaintiffs rely "almost exclusively" (we would say "heavily") on *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, PC*, 179

---

[3] In brief, there is no contract and no third-party beneficiary here as there was in the case law cited by Pravati, *e.g., Meehan v. Cheltenham Township*, 189 A.2d 593 (Pa. 1963). Thus, the "requirement" that the plaintiff must have misled the defendant to support an unjust enrichment recovery is absent in this case. *See* ECF 41-1 at 5-7 for a fuller elaboration of Plaintiffs' argument that Pravati's retention of the benefit is unjust.

[4] Rule 11(b)(3) provides that the complaint should have factual support, or that there will be evidentiary support after a reasonable opportunity for discovery. Plaintiffs inserted as much factual support into the Amended Complaint as they had, but Plaintiffs reasonably believe discovery will uncover additional evidentiary support.

6

A.3d 1093 (Pa. 2018). In that 2018 decision, the Pennsylvania Supreme Court held that a predecessor law firm can recover from a successor law firm on a theory of unjust enrichment. This holding is "new" jurisprudence in Pennsylvania law, and its reach is to be determined in later decisions that flesh out circumstances in the facts that may warrant extension of the holding enunciated.

In the present case, Plaintiffs assert an unjust enrichment claim against the successor law firm, PBBPH Law, but also against the litigation funder that had a 50-50 deal with the law firm. Further, the litigation funder here (Pravati) did invest in Hamilton's case and PBBPH Law, and it did receive a return on its investment. There was no litigation funder in the *Meyer, Darragh* case. So, this case has a new "twist" that was absent in *Meyer, Darragh*. Plaintiffs believe in good faith that the doctrine of *Meyer, Darragh* can be extended to the litigation funder in this case, as the litigation funder was virtually a joint venturer with the law firm, and equity should demand this outcome. In effect, Pravati was an accomplice in allowing Pierce Bainbridge to make promises to Hamilton which would entice him to leave Chasan. This is especially true when Pravati asserted in its reply brief that it is in "privity" with PBBPH Law. *See* ECF 40 at 8-10.

Since the *Meyer, Darragh* precedent is only about 2½ years "old," there is not a lot of progeny yet. This case is a *bona fide* endeavor to extend or modify existing case law, or to establish new law. Under the circumstances, Plaintiffs do not believe the Court can or should hold otherwise. In the influential case of *Eastway Construction Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir. 1985), the Court said:

> In framing this standard [objective standard for applying Rule 11], we do not intend to stifle the enthusiasm or chill the creativity that is the very lifeblood of the law. Vital changes have been wrought by those members of the bar who have dared to challenge the received wisdom, and a rule that penalized such

7

innovation and industry would run counter to our notions of the common law itself. Courts must strive to avoid the wisdom of hindsight in determining whether a pleading was valid when signed, and any and all doubts must be resolved in favor of the signer. But where it is patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify or reverse the law as it stands, Rule 11 has been violated.

*Eastway Construction* has been approvingly cited by the Third Circuit Court of Appeals. *Doering v. Union County Board of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988) ("Rule 11 is violated **only** when it is patently clear that a claim has absolutely no chance of success.") (emphasis added). *See also Id.* at 197 n.6.[5]

Plaintiffs' unjust enrichment claim against Pravati is reasonable under the circumstances and the facts as pled.[6] This is not a case of clear-cut absence of any chance of success that would justify Rule 11 sanctions.

### III. NO SANCTIONS ARE WARRANTED.

At this time, the Parties do not know how the Court will rule on the motions to dismiss. Naturally Plaintiffs believe the motions to dismiss should be denied for all the reasons previously argued in ECF 33, ECF 34, ECF 41-1 and ECF 42-1.

---

[5] As was said in one of the authorities cited by Pravati, *Young v. Smith*, 269 F.Supp.3d 251, 333-334 (M.D. Pa. 2017): "'Rule 11 is instead reserved for only exceptional circumstances." "Similarly, just as mere failure to prevail does not trigger a sanction award, neither does advocating new or novel legal theories." Courts should not apply Rule 11 "to inhibit imaginative legal or factual approaches to applicable law or to unduly harness good faith calls for reconsideration of settled doctrine." "The Rule seeks to strike a balance between the need to curtail abuse of the legal system and the need to encourage creativity and vitality in the law."' (Footnotes and citations omitted).

[6] Pravati's reliance on *Brubaker Kitchens, Inc. v. Brown,* 280 Fed. Appx. 174 (3d Cir. May 21, 2008) is misplaced. Rule 11 sanctions were awarded in that case because the plaintiff's counsel did not have facts to support a claim against defendant Schibnaoff, just beliefs. *Id.* at 184-186 & n.18. Judge Sloviter wrote a strong dissent on the Rule 11 holding based on the facts and the law. *Id.* at 186-190. In this case there are ample facts pled that Pravati was involved in funding Hamilton's "right of publicity" case and that it reaped a return on its investment.

Should the Court grant Pravati's motion to dismiss, sanctions are not justified because Pravati has not carried its burden of showing a violation of Rule 11(b).

Should the Court find that Pravati has met its burden under Rule 11(b), the Court would need to conduct a hearing to determine the appropriate sanction. Assuming, after a hearing, the Court were to find that Respondents violated Rule 11(b), then the Court has discretion to impose sanctions pursuant to Rule 11(c), and the Court also has wide discretion in selecting an appropriate sanction, guided by equitable considerations. *Doering v. Union County Board of Chosen Freeholders*, 857 F.2d 191, 195 (3d Cir. 1988). The equities do not support any imposition of sanctions. The Court is familiar with Attorney Chasan's work product in representing Lenwood Hamilton. In view of his briefing, the Court denied the motion to dismiss Hamilton's Second Amended Complaint. Chasan worked diligently in discovery on behalf of Hamilton, and in search of a litigation funder (and found one). Chasan's efforts were enough to have Microsoft make an unsolicited settlement overture in March 2018.

Chasan has not been paid at all for any of his labors. On the other hand, Pravati invested in Hamilton's case and received a significant return on its investment, certainly due in part to use of Chasan's work product. This is not a case where any equities would be furthered by imposing sanctions on Chasan or BJC Law, or on the attorneys that represent Plaintiffs.

*[SPACE INTENTIONALLY LEFT BLANK]*

## CONCLUSION

The Rule 11 Motion filed by Pravati should be denied.

Respectfully submitted,

/s/ Clifford E. Haines

_(signature)_

Clifford E. Haines, Esq. (Atty. I.D. No. 9882)
Haines & Associates, P.C.
The Widener Building – 5th Floor
1339 Chestnut Street
Philadelphia, PA 19107-3520
215-246-2201
chaines@haines-law.com
*Attorneys for Plaintiffs*

Date:  August 19, 2020