**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LAW OFFICES OF BRUCE J. CHASAN, LLC, et al., | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | No. 2:20-cv-01338-AB |
| v. | : | |
| | : | |
| PIERCE BAINBRIDGE BECK PRICE & HECHT, LLP, et al., | : | |
| Defendants. | : | |

**January 15, 2021**                                                                                                     **Anita B. Brody, J.**

## MEMORANDUM

Plaintiffs Law Offices of Bruce J. Chasan, LLC and Bruce J. Chasan (collectively "Chasan") bring this lawsuit against Defendants Pierce Bainbridge Beck Price & Hecht, LLP, John M. Pierce, James Bainbridge, Carolynn Beck, Maxim Price, and David L. Hecht (collectively, "Bainbridge Defendants") and Pravati Capital LLC ("Pravati"). Chasan asserts claims for tortious interference with contract and unjust enrichment against the Bainbridge Defendants and a claim for unjust enrichment against Pravati.[1] In separate motions, the Bainbridge Defendants and Pravati move to dismiss Chasan's claims under Rule 12(b)(6).[2] The Court will grant the Bainbridge Defendant's motion because Chasan's claims are precluded under the doctrine of res judicata. The Court will grant Pravati's motion because Chasan does not allege a viable claim for unjust enrichment.

## I.    BACKGROUND[3]

### A.   *Hamilton Action*

In late 2016, Lenwood Hamilton ("Hamilton") engaged the Law Offices of Bruce J.

---

[1] The Court exercises diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.
[2] On May 29, 2020, Pravati filed a motion to dismiss. *See* ECF No. 25. And on June 1, 2020, the Bainbridge Defendants filed a motion to dismiss. *See* ECF No. 26. The memorandum addresses both motions.
[3] All facts are taken from the Amended Complaint unless otherwise noted. *See* ECF No. 23.

Chasan, LLC, to initiate a civil lawsuit against Lester Speight, Epic Games, Microsoft, and other defendants. Am. Compl. ¶¶ 11-12. Hamilton alleged that Epic and Microsoft had misappropriated Hamilton's likeness and voice in the *Gears of War* video game series. *Id.* Hamilton signed an Engagement Letter prepared by Chasan that enumerated the terms of Chasan's representation. *Id.* The Engagement Letter provided that the representation would be handled on a contingent fee basis and that Hamilton would pay all costs and expenses of the litigation. *Id.* ¶ 13. If Hamilton terminated the representation, he would be liable for attorney's fees at a rate of $450 per hour. *Id.* ¶¶ 13-14. The Engagement Letter between Hamilton and Chasan also provided that if Hamilton rejected a "reasonable settlement offer" that was recommended by Chasan, Chasan reserved the right to withdraw his representation and retain a quantum meruit interest in any future verdict or settlement. *Id.* ¶ 14.

On January 11, 2017, Chasan filed a lawsuit on behalf of Hamilton against Speight, Epic Games, Microsoft and other defendants in this Court. *Id.* ¶ 28; *Hamilton v. Speight*, Civil Action No. 17-169 ("*Hamilton Action*"). Unable to finance the expenses of the *Hamilton Action*, Chasan immediately began searching for third-party funding for the lawsuit. *Id.* ¶ 35. Funding for the lawsuit remained a challenge for Chasan, and throughout his representation of Hamilton, he sought a third-party or co-counsel to help finance the action. *Id.* ¶¶ 37-46, 48-49, 51, 64.

From late December 2016 through March 2018, Chasan represented Hamilton. *Id.* ¶¶ 11-20. At the beginning of March 2018, Chasan's relationship with Hamilton began to unravel. *Id.* ¶ 106. On March 10, 2018, over a year after Chasan filed the *Hamilton Action*, Chasan and Hamilton discussed whether to provide a settlement demand. *Id.* ¶¶ 104-06. The conversation became "heated" when Chasan advocated for a settlement demand of $950,000, but Hamilton would not authorize any demand under $7,500,000. *Id.* Both parties were "palpably angry" and

Chasan threatened to withdraw his representation. *Id.* ¶ 106. That same day, Chasan drafted a letter to this Court expressing his intention to withdraw from representing Hamilton. *Id.* ¶ 107. Chasan decided not to send the letter to the Court, however he did show it to Hamilton in an attempt to "encourage [him] to be more realistic" about his settlement demand *Id.*

Two days later, on March 12, 2018, Chasan wrote a letter to Hamilton, where he demanded Hamilton lower his expectations about settlement. *Id.* ¶ 109; ECF No. 23, Ex. E at 2. Chasan resorted to personal attacks, calling Hamilton a "pig" and "obstinate and downright foolish." Ex. E at 2. Nevertheless, Chasan continued his representation of Hamilton. Am. Compl. ¶ 110.

On March 13, 2018, Chasan contacted John Pierce of Pierce Bainbridge in an effort to obtain financing for the *Hamilton Action*. *Id.* ¶ 114. Pierce was enthusiastic about getting involved in the litigation and sent a draft Engagement Letter to Chasan. *Id.* ¶ 126. On March 20, 2018, Chasan, Hamilton, and Pierce met to discuss the possibility of Chasan and Pierce jointly representing Hamilton. *Id.* ¶ 134. At the meeting, Pierce indicated that Pierce Bainbridge could secure financing for the *Hamilton Action* and showed Chasan a funding contract between financier Pravati and Pierce Bainbridge ("Pravati Contract"). *Id.* ¶ 135; ECF No. 23, Ex. G. The Pravati Contract demonstrated that Pravati would provide Pierce Bainbridge with funding for a portfolio of cases in return for fees when Pierce Bainbridge was successful. *Id.* The Pravati Contract contained no specific reference to the *Hamilton Action*. *Id.*

On March 26, 2018, following the meeting between Hamilton, Chasan, and Pierce, Pierce informed Chasan that Hamilton wanted Pierce to take over as lead counsel. Am. Compl. *Id.* ¶ 146. Only one day later, Pierce notified Chasan that Hamilton wanted to stop working with Chasan altogether. *Id.* ¶ 163. On March 28, 2018, Hamilton terminated Chasan's representation and retained Pierce and Pierce Bainbridge. *Id.* ¶ 164. On April 26, 2018, Chasan

withdrew as Hamilton's lawyer. *Id.* ¶ 196, ECF No. 59. On April 30, 2018, Pierce entered his appearance in the *Hamilton Action*. *Id.*; *Hamilton Action*, ECF No. 60.

After Pierce took over the *Hamilton Action*, the defendants moved for summary judgment. *Id.* ¶ 253; *Hamilton Action*, ECF No. 109. On September 26, 2019, the Court granted summary judgment for the defendants in the *Hamilton Action*. *Id.* ¶ 257; *Hamilton Action*, ECF No. 124. Pierce Bainbridge filed a notice of appeal. *Id.* ¶ 259; *Hamilton Action*, ECF No. 128. On September 19, 2020, the Third Circuit affirmed the grant of summary judgment. *Id.*; *Hamilton v. Speight*, 827 Fed.Appx 238, 241 (3d Cir. 2020).

### B. *Chasan I*

While Hamilton's case was ongoing, Chasan and Pierce Bainbridge attempted to negotiate an agreement regarding Hamilton's outstanding fees that Chasan believed he was owed. Am. Compl. ¶¶ 184-85. Hamilton paid Chasan none of the accrued hourly fees outlined in his original Engagement Letter with Chasan. *Id.* ¶ 177. As a result, Chasan determined he was owed approximately $320,000. *Id.* When Chasan and Pierce Bainbridge failed to reach agreement, Chasan commenced an action against Pierce and Pierce Bainbridge for breach of contract.[4] *See Law Offices of Bruce J. Chasan, LLC, et al. v. Pierce Bainbridge Beck Price & Hecht, LLP et al.,* 2:18-cv-05399-AB (E.D. Pa. filed Dec. 14, 2018) ("*Chasan I*"). Pierce and Pierce Bainbridge filed a motion to dismiss. *See id.*, Def.'s Mot., *Chasan I*, ECF No. 4.

The Court granted the motion to dismiss in *Chasan I*, because Chasan failed to state a claim for breach of contract, the one claim brought in the complaint. *See id.*, Mem. at 5, *Chasan I*, ECF No. 33; *see also Law Offices of Bruce J. Chasan, LLC et al. v. Pierce*

---

[4] Chasan also alleged a claim for "specific performance". *Chasan I*, Compl. ¶¶ 58-62, ECF No. 1. The Court analyzed Chasan's claim for "Specific Performance" as part of the claim for breach of contract requesting specific performance as a remedy. *See Law Offices of Bruce J. Chasan, LLC et al. v. Pierce Bainbridge Beck Price & Hecht, LLP, et al.*, Civil Action 2:18-cv-05399-AB, 2019 WL 1957950, at *3 (3d Cir. May 2, 2019) (citing *Cimina v. Bronich*, 537 A.2d 1355, 1357–58 (Pa. 1988)).

*Bainbridge Beck Price & Hecht, LLP, et al.*, Civil Action 2:18-cv-05399-AB, 2019 WL 1957950, at *3 (E.D. Pa. May 2, 2019). Although Chasan stated in his response to the motion to dismiss that he considered bringing a lawsuit for tortious interference and unjust enrichment, the Court did not address these hypothetical claims because they were not before the Court.[5] *See id.*, Pl.'s Mem. in Opp'n at 4 n.1, *Chasan I*, ECF No. 18. Instead, the Court informed Chasan that if "he wishe[d] to pursue those tort claims" he must move for leave to amend his Complaint or withdraw his lawsuit and file an entirely new action incorporating all claims. *See id.* Mem. at 5 n.2, *Chasan I*, ECF No. 33. Chasan appealed and the Third Circuit affirmed the dismissal in *Chasan I*. *See Law Offices of Bruce J. Chasan, LLC v. Pierce Bainbridge Beck Price & Hecht, LLP*, 792 Fed.Appx 195, 196 (3d Cir. 2019).

### C. Present Lawsuit

On March 9, 2020, Chasan initiated the present lawsuit against Pierce Bainbridge, five Pierce Bainbridge attorneys, and Pravati. Now, Chasan brings claims for tortious interference and unjust enrichment against Pierce Bainbridge and five of its attorneys, the claims he decided not to bring in *Chasan I*. Chasan also alleges a claim for unjust enrichment against Pravati.

## II. LEGAL STANDARD

In deciding a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

To survive dismissal, a complaint must allege facts sufficient to "raise a right to relief

---

[5] Specifically, Chasan stated "Although not expressly spelled out in the Complaint, the lawsuit against Pierce and [Pierce Bainbridge] that Plaintiffs refrained from filing while settlement negotiations were on-going would have been based on alleged tortious interference with contractual relations. . . and on unjust enrichment." *See id.*, Pl.'s Mem. in Opp'n at 4 n.1, *Chasan I*, ECF No. 18.

above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In order to determine the sufficiency of a complaint under *Twombly* and *Iqbal*, a court must engage in the following analysis:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (quoting *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011)).

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings. However, an exception to the general rule is that a 'document *integral to or explicitly relied* upon in the complaint' may be considered . . . ." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citation omitted) (quoting *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)). Thus, a court may consider "the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

## III.   DISCUSSION

The Bainbridge Defendants move to dismiss the action based on the following arguments: (1) the lawsuit is barred by the doctrine of res judicata; (2) Chasan improperly alleges the tortious interference with contract theory; (3) Chasan improperly alleges the unjust enrichment theory; and (4) Chasan improperly attempts to hold individual attorneys liable in a limited liability partnership. The Court will dismiss the action against the Bainbridge Defendants on the doctrine of res judicata alone. Pravati moves to dismiss this action based on the following

arguments: (1) res judicata bars the suit and (2) Chasan fails to properly allege a theory of unjust enrichment against Pravati. Because the *Hamilton Action* was unsuccessful and Pravati received no benefit from it, the Court will dismiss the action against Pravati on the unjust enrichment ground alone.

### A. Bainbridge Defendants' Motion to Dismiss

The Bainbridge Defendants move to dismiss Chasan's claims on the doctrine of res judicata. As a threshold matter, Chasan argues that claim preclusion cannot be considered at this stage of the litigation. Pl.'s Mem. in Opp'n at 3 n.1, ECF No. 33. A court may grant a Rule 12(b)(6) dismissal pursuant to res judicata if it is "'apparent on the face of the complaint'" that the claims are precluded. *Hoffman v. Nordic Nats., Inc.*, 837 F.3d 272, 280 (3d Cir. 2016) (quoting *Rycoline Prods. Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997)). "[T]his means simply that the district court is limited to the materials properly before it on a motion to dismiss, which may include public records and materials embraced by the complaint." *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 983 (8th Cir. 2008)[6].

The only facts relevant to claim preclusion are the dates and rulings from the *Hamilton Action* and *Chasan I*, both of which are set forth in the Amended Complaint and are public records. Therefore, it is proper to decide claim preclusion at the motion to dismiss stage because it is apparent from the face of the Amended Complaint that claim preclusion prevents Chasan from bringing these claims against the Bainbridge Defendants.

Claim preclusion, or res judicata, bars a plaintiff's claim when there has been: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Duhaney v. Attorney Gen.*, 621 F.3d 340,

---

[6] *See also Weinberg v. Scott E. Kaplan, LLC*, 699 F. App'x 118, 120 n.3 (3d Cir. 2017) ("With respect to affirmative defenses, such as res judicata, dismissal is proper if application of the defense is apparent on the face of the complaint; we may also look beyond the complaint to public records, including judicial proceedings.")

347 (3d Cir. 2010) (internal quotation marks omitted). For Chasan's claims against the Bainbridge Defendants, all three elements of res judicata exist.

Chasan does not contest that the first two elements have been met. *See* Pl.'s Mem. in Opp'n at 3-4. First, the Order granting the motion to dismiss in *Chasan I* was a final judgment on the merits. *See Adufemi v. City of Philadelphia*, 445 F. App'x 610, 610 (3d Cir. 2011) (stating the grant of a motion to dismiss satisfies the requirement that the first action end in a final judgment on the merits). The second element, the requirement that the subsequent suit is between the "same parties or their privies," has also been met. *Duhaney*, 621 F.3d at 347. Both lawsuits involve Pierce and Pierce Bainbridge. Although the second lawsuit involves additional Pierce Bainbridge attorneys, the attorneys occupy a close "principal and agent" relationship to both Pierce and Pierce Bainbridge to establish privity. *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 549 n.11 (3d Cir. 2006) (applying Pennsylvania law) (quoting *Day v. Volkswagenwerk Aktiengesellschaft*, 464 A.2d 1313, 1317 (Pa. Super. Ct. 1983)).

The third element is met because the present action is based on the same cause of action as *Chasan I.* Chasan argues that because the first action sought to enforce an alleged settlement agreement under a breach of contract theory and the present action seeks damages under theories of tortious interference and unjust enrichment, res judicata does not apply. *See* Pl.'s Mem. in Opp'n at 3-4. Although there is no single definition of "cause of action," when determining whether two cases involve the same cause of action for purposes of res judicata, courts take a "broad view" and focus "on the essential similarity of the underlying events giving rise to the various legal theories." *Davis v. Wells Fargo*, 824 F.3d 333, 342 (3d Cir. 2016) (quoting *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 277 (3d Cir. 2014)). In other words, courts "focus on facts rather than legal theories." *Id.* (citing *Elkadrawy v. Vanguard Grp.*, 584 F.3d 169, 173 (3d Cir. 2009)). Therefore, res judicata bars any claim that "arises from the same

set of facts as a claim adjudicated on the merits in the earlier litigation." *Id.* (quoting *Blunt*, 767 F.3d at 277).

Chasan's present claims arise out of the same set of facts as *Chasan I*. Although the theories of recovery are different, the claims relate to the same operative event. The claims in both *Chasan I* and the present case concern the transition in representation of Hamilton from Chasan to Pierce Bainbridge. In the present action, Chasan sought to recover alleged fees earned from the representation of Hamilton under a theory of breach of contract. *See* Compl. ¶¶ 63, *Chasan I*, ECF No. 1. Now, Chasan attempts to recover a portion of the same fees under theories of tortious interference with contract and unjust enrichment. Am. Compl. ¶¶ 278-81, 296. As Chasan concedes, Chasan could have brought all of these claims in the first action, but he did not. *See* Pl.'s Mem. in Opp'n at 4 n.1, *Chasan I*, ECF No. 18. Res judicata "bars not only claims that were brought in a previous action, but also claims that could have been brought." *In re Mullarkey*, 563 F.3d 215, 225 (3d Cir. 2008). As a result, the claims for tortious interference and unjust enrichment are barred by res judicata.

Alternatively, Chasan argues that his claims cannot be barred by claim preclusion because the Court gave him permission to raise new claims in *Chasan I*. Pl.'s Mem. in Opp'n at 5. This argument also fails. In *Chasan I*, the Court included a footnote in the opinion as an observation that if Chasan wanted to pursue any additional claims he must do so through the proper channels. *See id.* Mem. at 5 n.2. The Court never said that if Chasan moved for leave to amend his complaint that the Court would grant it and permit the lawsuit to continue. The Court did not state that Chasan would be free from any procedural obstacles when raising new claims, nor did it state that any new claims would be considered on the merits by the Court. *See id.* The footnote also did not imply that a new lawsuit with claims for tortious interference or unjust enrichment would be considered a new cause of action. *See id.* This Court's dismissal and the Third

Circuit's affirmance prevent Chasan from bringing another claim on this same set of operative facts. Therefore, the Court will grant the Bainbridge Defendants' motion to dismiss.

## B. Pravati's Motion to Dismiss

Chasan alleges a claim for unjust enrichment against Pravati, Pierce Bainbridge's litigation financier. In support of his claim, Chasan argues "Pravati has benefitted. . .from Chasan's labors and work product, as reflected in Chasan's Hamilton file, by virtue of its agreement with [Pierce Bainbridge]." Am. Compl. ¶ 308. Because the *Hamilton Action* was unsuccessful, Pravati could not have been enriched from Chasan's work on the case. Therefore, even accepting all of Chasan's factual allegations as true and construing Chasan's Amended Complaint in the light most favorable to him, there is no reasonable reading of Chasan's Amended Complaint that could support his entitlement to relief for unjust enrichment. *See Phillip*s, 515 F.3d at 231.

In order to state a claim for unjust enrichment under Pennsylvania law, a plaintiff must show "benefits conferred on defendant by plaintiff, appreciation of such benefits by defendant, and acceptance and retention of such benefits under circumstances that it would be inequitable for defendant to retain the benefit without payment of value." *Scheneck v. K.E. David, Ltd.*, 666 A.2d 327, 328 (Pa.Super. 1995) (quoting *Wolf v. Wolf*, 514 A.2d 901 (Pa. 1986)) *overruled on other grounds by Van Burskirk v. Van Buskirk*, 590 A.2d 4 (Pa. 1991). In determining an unjust enrichment action, courts examine the "particular factual circumstances of the case at issue." *Id.* The essential inquiry is "whether the defendant has been unjustly enriched." *Id.*

Pierce Bainbridge had a generalized funding contract with Pravati. Am. Compl., Ex. G at 2. Chasan contends that Pravati, "by virtue of its agreement with [Pierce Bainbridge]," has been unjustly enriched by Chasan's prior representation of Hamilton. *Id.* ¶ 309. Chasan's argument is without merit. The *Hamilton Action* was unsuccessful. There was no "benefit conferred" on

Pravati from Chasan, because Chasan's work on the *Hamilton Action* yielded no benefit. *Scheneck*, 666 A.2d at 328 (quoting *Wolf*, 514 A.2d at 901). Because Chasan's work resulted in no benefit, there is no enrichment to which Chasan is entitled. Simply put, there can be no unjust enrichment, if there was no enrichment at all. Therefore, Chasan has not stated a claim for unjust enrichment against Pravati. The Court will grant Pravati's motion to dismiss.

## IV. CONCLUSION

As explained above, Chasan's claims against the Bainbridge Defendants are barred by the doctrine of res judicata and Chasan has failed to allege a viable claim for unjust enrichment against Pravati. The Court will grant the Bainbridge Defendants' motion to dismiss the case and Pravati's motion to dismiss the case.

s/ANITA B. BRODY, J.<br>
ANITA B. BRODY, J.

Copies **VIA ECF**